IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. JKB-20-0255 |
| **JORDALE KING,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter comes before the Court on a limited remand from the U.S. Court of Appeals for the Fourth Circuit. (*See* ECF No. 99.) The sole questions for decision are whether Defendant Jordale King noticed his appeal within fourteen days of judgment and, if not, whether he "has shown excusable neglect or good cause warranting an extension of the 14-day appeal period." (*See id.* at 2 & n.\*.) Both sides have briefed the issues, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2025).

King likely did not notice his appeal within the fourteen-day appeal period, but he has shown excusable neglect warranting a thirty-day extension of the same. The matter will be returned to the Fourth Circuit for further proceedings.

**I.   BACKGROUND**

King pled guilty to one count of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No. 71 at 1, 10.) He was sentenced on March 26, 2024, to ninety-six months in prison. (ECF No. 82.) Judgment entered the following day. (*Id.*)

King soon noticed his appeal. (ECF No. 85.) Exactly when is unclear. His handwritten notice is dated March 26, 2024, the day of his sentencing. (*Id.* at 1, 3.) The notice also purports to certify it was mailed to the Clerk's Office that day. (*Id.*) But a stamp on the envelope says the

notice was processed in the outgoing inmate mail on April 22, 2024. (ECF No. 85-1 at 2.) It was docketed April 25, 2024. (*See* ECF No. 85.)

On appeal, the Government disputed the timeliness of King's notice. (ECF No. 99 at 2.) As relevant here, a federal criminal defendant must notice an appeal within fourteen days of the entry of the challenged judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may extend that period—but only up to thirty days, and only upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). If, upon the Government's timely objection, the defendant is unable to meet this standard, his appeal must be dismissed. *See United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

Observing that King noticed his appeal "within the excusable neglect period," the Fourth Circuit remanded the case for a determination "of whether [King] has shown excusable neglect or good cause warranting an extension of the 14-day appeal period." (*Id.*) But the panel also noted the possibility that King noticed his appeal the day of his sentencing. (*See id.* at 2 n.*.) Because that would have made his notice timely even without an extension, *see* Fed. R. App. P. 4(b)(1)(A), the Court understands the panel's order also to seek a finding on whether King noticed his appeal within the fourteen-day period, not just the analytically subsequent question of good cause or excusable neglect. *Cf. Jackson-El v. Dovey*, 830 F. App'x 116 (4th Cir. 2020); *United States v. Maxwell*, 325 F. App'x 282, 283 (4th Cir. 2009).

The parties have now briefed these issues. (*See* ECF Nos. 105–06.) King says he noticed his appeal within the fourteen-day window and that, even if he did not, he can show excusable neglect through ineffective assistance of counsel. (ECF No. 105 at 5–6.) Along with the initial notice and envelope, he offers as evidence a letter he wrote to his current lawyer, Allen H. Orenburg. (*See* ECF No. 105-1.) In it, he explains that his prior lawyer, Tony N. Garcia, "told

[King] that he would put in for [King's] appeal," but that King "waited and[] it never got done, so [he] had to do it [him]self." (*Id.* at 1.) King's brief separately reports a conversation between Orenburg and Garcia, in which Garcia told Orenburg that King "did not ask for the filing of a Notice of Appeal" and that Garcia "has no record/notes which may reflect" such a request. (ECF No. 105 at 2.)

The Government responds that "it is uncontested that King's notice of appeal . . . is untimely" under Rule 4(b)(1)(A). (ECF No. 106 at 1.) It maintains King's handwritten notice is deficient for want of a declaration, notarized statement, or evidence of its mailing within the fourteen-day window other than King's say-so. (*See id.* at 3–4.) And it insists King's word ought not be believed because the justification he offers for excusable neglect—that he "waited [for his lawyer] and[] it never got done"—is hard to square with his statement that he filed the notice the same day as his sentencing. (*See id.* at 4–5.) On top of that, it adds, there is no evidence of ineffective assistance (and thus no basis for excusable neglect) because there is no evidence King ever asked his lawyer for an appeal. (*See id.* at 2.)

## II.   LEGAL STANDARDS

A federal criminal defendant's appeal is timely when filed with the district court within fourteen days of the entry of the challenged judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may extend the fourteen-day period by up to thirty days. Fed. R. App. P. 4(b)(4). This can be done before or after the fourteen-day deadline. *Id.* But it can occur only upon a determination of good cause or excusable neglect. *Id.* The good-cause standard applies when an extension is needed due to something outside the defendant's control. *See United States v. Oguntuyi*, Crim. No. JRR-20-0285, 2024 WL 2155062, at *2 (D. Md. May 13, 2024). By

contrast, the excusable-neglect standard contemplates some fault on the part of the defendant. *See id.*

With or without an extension, for an incarcerated defendant's motion to be timely, he must use his institution's legal-mail system (if any) and must deposit his notice "on or before the last day for filing." Fed. R. App. P. 4(c)(1); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). The notice must be joined by either (i) "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid" or (ii) "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A). If the district court finds neither are present, the court of appeals may, in its discretion, permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i). Fed. R. App. P. 4(c)(1)(B).

## III. ANALYSIS

King likely did not notice his appeal within the initial fourteen-day filing window. But his apparent miscommunication with counsel over whether to appeal amounts to excusable neglect. That, in turn, merits an extension of the appeal period by thirty days, sufficient to make King's *pro se* appeal notice retroactively timely.

### A. King Likely Did Not Notice His Appeal within the Fourteen-Day Period.

Prior to his most recent submission, whether King noticed his appeal within fourteen days boiled down to whether the Court believed what he wrote in his letter or what was stamped on the envelope. (*Compare* ECF No. 85 at 1, 3 (letter stating March 26, 2024), *with* ECF No. 85-1 at 2 (envelope stamped with April 22, 2024).) Given the relative dearth of evidence,[1] the Court may

---

[1] The Government argues that because King did not offer a declaration or notarized statement and "did not mention postage," he "d[id] not provide any evidence in support of" the earlier date. (ECF No. 106 at 3–4 (citing Fed. R. App. P. 4(c)(1)(A)).) But the Court does not read Rule 4(c)(1)(A) so narrowly. The rule's mention of devices "such as a postmark or date stamp" is not intended to be exclusive of other evidence, like a writing or oral testimony, that an

4

well have resolved that conflict in King's favor. *See Houston*, 487 U.S. at 271 ("[T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped 'filed' on time." (emphasis omitted)).

But King's later statements cast doubt on his original position. In his letter to Orenburg, King wrote that he "waited" for Garcia to "put in for [his] appeal," then filed it himself when he realized "it never got done." (ECF No. 105-1 at 1.) This "wait[ing]" is hard to square with King's claim that he noticed his appeal the same day of the sentence he was appealing. (*See* ECF No. 85 at 1, 3.) On balance, the Court is convinced King noticed his appeal closer to the date of the mail-system stamp, likely outside the fourteen-day window.

### B.  King Has Shown Excusable Neglect Meriting a Thirty-Day Extension.[2]

"What constitutes excusable neglect 'is at bottom an equitable inquiry, taking account of all relevant circumstances surrounding the party's omission.'" *Oguntuyi*, 2024 WL 2155062, at *2 (alterations omitted) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996)). These circumstances include the danger of prejudice to the opposing party, the length of and reason for the delay, and whether the untimely party acted in good faith. *See Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023).

There is little runway for a factual determination in this case. King claims to have spoken to Garcia about an appeal immediately after sentencing, and even to have heard Garcia say he

---

incarcerated person might offer. *See, e.g., Webb v. DOJ*, 117 F.4th 560, 566–67 (3d Cir. 2024) (collecting cases). Quibbles with the use of such information go to its weight, not whether the Court is entitled to consider it.

[2] King does not argue good cause, so the Court does not consider it.

would set an appeal in motion, but that Garcia never filed one. (*See* ECF No. 105-1 at 1.) Garcia says King never asked. (*See* ECF No. 105 at 2.) Otherwise, the record is bare.

The parties dispute whether Garcia's assistance was constitutionally ineffective—an issue that turns on whether King did or did not ask for an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477–80 (2000). But untimeliness can be excused for reasons short of constitutionally deficient representation. *See Justus*, 78 F.4th at 108. For purposes of an appeal notice in a criminal case, those reasons include "confusion or miscommunication between attorney and client." *See Oguntuyi*, 2024 WL 2155062, at *4 n.4 (citation omitted) (collecting cases).

Given the scant evidence, the Court finds in King's favor. At the very least, King and Garcia appear to have discussed the possibility of an appeal; Garcia's account is not to the contrary. (*See* ECF No. 105 at 2; ECF No. 105-1 at 1.) It is unlikely that conversation would have occurred unless King asked for an appeal or otherwise made clear he was interested in one. (*Contra* ECF No. 106 at 3 (arguing that King did not ask for an appeal because "King does not actually *say* . . . he asked counsel to file a notice of appeal" (emphasis added)).) Regardless, crossed wires between client and counsel is a benign reason for an untimely *pro se* filing. King appears to have relied in good faith on what he thought counsel told him.[3] And the resulting delay of less than two weeks—and the concomitant possibility of King exercising whatever appeal rights he retains—hardly prejudices the Government. There is excusable neglect that merits a thirty-day extension of the fourteen-day appeal period.

---

[3] This good-faith reliance is not undercut by the inconsistency between having "waited" for Garcia to notice an appeal and the doubtfully early date King wrote in his *pro se* filing. *See supra* Section III.A.

## IV.  CONCLUSION

Although King likely did not notice his appeal within the fourteen-day appeal period, his apparent misunderstanding with counsel amounts to excusable neglect. That merits a thirty-day extension, sufficient to make King's *pro se* notice retroactively timely.

It is ORDERED that the Clerk SHALL TRANSMIT this decision to the U.S. Court of Appeals for the Fourth Circuit, with reference to appellate case no. 24-4227.

DATED this \_\_19\_\_ day of August, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge